DECISION
I. Background
This appeal emanates from an employment dispute between the respondent, James Martin, who was employed by the Oneida Appeals Commission and supervised by the appellant, Winnifred L. Thomas, the Commission’s Chief Judicial Officer. Following the respondent’s filing of an ethics complaint against the appellant, the respondent then filed for and was granted protected status as a whistleblower under the Oneida Tribe’s Employee Protection Policy. See Oneida, EPP, approved by Oneida Business Comm, 1-20-99. After these initial events, the case takes a rather protracted and circuitous route through the Tribe’s review and hearing processes. That procedural history is fully outlined in James Martin v. Hon. Winnifred Thomas et al, 07-AC-009, —• Am. Tribal Law-, 2008 WL 7438754 (February 6, 2008) and is adopted as if fully set forth herein. However, the facts most relevant to this appeal are that the *225 respondent was disciplined for alleged violations of Tribal employment policies that the respondent characterized before the Oneida Personnel Commission as unlawful retaliatory conduct in violation of his pro-status under the employee protection policy.
The Oneida Personnel Commission originally declined to hear the respondent’s complaint under that policy and concluded that disciplinary proceedings involving Judges was covered under a separate proceeding pursuant to the Tribe’s code governing judicial conduct. See OPC decision dated January 5, 2006. The appellate panel in the Martin case referenced above, disagreed with the Personnel Commission’s view and concluded that the Tribe’s Employee Protection Policy not only elearly delegated the authority to the Oneida Personnel Commission to review employee retaliation grievances, but that the Personnel Commission’s initial decision to grant the respondent protected status plainly recognized the Commission’s duty to review all discipline issued against a protected employee. Given this clear delegation of authority, the panel reversed the Personnel Commission’s decision to decline review and remanded the case back to the commission for a fair hearing on whether the respondent’s discipline was unlawfully retaliatory.
On remand, the Personnel Commission reviewed the chronology of case events, the original allegations, the subsequent audit report findings, and convened a hearing on March 24, 2008 to which only the respondent was invited and appeared. On August 29, 2008, the Commission filed its findings of fact, conclusions of law, and judgment that essentially found the discipline issued to the respondent to be retaliatory. See OPC decision in In the Matter of Martin, Case No. 06-EP-002 and 06-E P-003, — Am. Tribal Law-(August 29, 2008). As a result, that Commission ordered the reinstatement of the respondent to his former job and further ordered the disciplinary notices in respondent’s personnel file be expunged. Id. Finally, the Commission granted the respondent permanent classification as a protected employee while employed with the Judicial Commission. Id.
II. Issues
Appellant’s main issue is whether the Personnel Commission’s remand hearing of March 24, 2008, where appellant was not noticed and did not participate, was fair. Appellant claims that her rights to due process under Tribal law were violated because the Personnel Commission held the hearing without any notice to her or without any opportunity for her to participate. Respondent claims that the Personnel Commission’s procedural handling of this case is the same as other similarly situated cases and should be upheld.
III. Analysis
As the appellant correctly points out, all Oneida Tribal members are afforded due process of law. See Oneida Const., Art. VI. That requires both notice and an opportunity to be heard by all interested parties. See Oneida Bingo and Casino v. Oneida Human Resources Dep’t., 8 O.N.R. 3-138,139, No. 02-AC-007, —Am. Tribal Law-(Aug. 12, 2002). Since the appellant is the party whose discipline is the subject of review, the appellant is an interested party who should have been both noticed and given an opportunity to be heard. Since the appellant was erroneously excluded from the process, the Personnel Commission violated her rights to be heard.
Accordingly, this case is once again remanded back to the Personnel Commission for a hearing that provides notice to all *226 interested parties and an opportunity for all parties to participate. The Commission is further ordered to include in its final decision, findings of fact, conclusions of law and judgment.
We further parenthetically note, that since the individuals involved in this case are employed to peaceably resolve internal Tribal disputes, it might better serve this specific cause and the community as a whole, for the parties to participate in the less formal, but often more effective process of peacemaking.
IV. Decision
The decision of the Oneida Personnel Commission is remanded for re-hearing on whether the respondent’s discipline was retaliatory. All interested parties shall be noticed and given a full opportunity to be heard.